IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UN4 PRODUCTIONS, INC., <br> Plaintiff, <br> vs. <br><br> DOES 1-15, <br> Defendants. <br> _____ / | CASE No. 2:17-CV-02768-WB <br><br> MOTION TO QUASH OR MODIFY SUBPOENA |

**DEFENDANT JOHN DOE #15's**
**MOTION TO QUASH OR MODIFY SUBPOENA**

I, John Doe #15, in the above styled cause, hereby files the following Motion to Quash Subpoena issued to Comcast Corporation, as set forth in the Memorandum in Support attached hereto.

Dated: July 27th, 2017

Respectfully submitted,

*John Doe*
John Doe #15
Pro se

# **MEMORANDUM IN SUPPORT**

## **BACKROUND**

On July 10, 2017, I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting the Plaintiff's Motion for Early Discovery. From accounts of previous defendants, these subpoenas are followed by demand letters. These letters – which demand thousands of dollars to avoid dealing with their lawsuit – and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do without revealing my personal identifying information.

To cut court cost while suing as many individuals as possible, Plaintiff's Counsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include dozens of defendants across different states. Un4 Productions inc have similar lawsuits in Arizona, Indiana and Pennsylvania, including a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap —
> if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

[Type here]

Later, Judge Milton Shadur writes about CP's counsel's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote

3

in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

## ARGUMENT
### 1) Plaintiff Has Improperly Joined 15 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 15 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . ..
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

[Type here]

to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at \*2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at \*5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*,

No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based

[Type here]

upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

7

enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Doe #15, from the case.

*See* Fed. R. Civ. P. 21.

> **2) Internet Protocol ("IP") addresses do not – by themselves – qualify as personal information, capable of accurately identifying an individual.**

An IP address does not accurately identify a person. In VPR Inernationale vs. Does 1-1017 (No. 2:2011-cv-02068) Judge Harold A. Baker writes in an order denying expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

From an opinion in his response to an interlocutory appeal:

> In this case, not a single one of the Plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. **Federal agents returned the equipment after determining that no one at the home had downloaded the**

[Type here]

**illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' WI-FI connections.** (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores WI-FI Privacy Risks (April 25, 2011)[1].

The list of IP addresses attached to VPR's complaint suggests, In at least some instances, a similar disconnect between IP Subscriber and copyright infringer. The ISPs include a number Of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and the address the correlation is still far from perfect as illustrated in the MSNBC article. **The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any moment.**

VPR argues that, if served with a subpoena, the ISPs are required By law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. **The potential filing of a motion to quash is no reason to abandon the adversarial process.** As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See Lightspeed Media Corp. v Does 1- 100, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101-1000 as defendants). In Hard Drive Productions, inc v Does 1-1000, counsel sought leave to dismiss more than 100 Doe Defendants, stating that some of the Does had "reached a mutually Satisfactory resolution of their differences" with the plaintiff.

In questioning whether expedited discovery could be used to extort quick

---

[1] http// www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/
Settlement, even from people who have done nothing wrong, Judge Baker states

9

that:

> "the embarrassment of public exposure might be too great, the legal System too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case".

VPR international vs. Does 1-1017 (No. 2:2011-cv-02068)

### 3) Undue Burden

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or Modified if it subjects a person to undue burden. Doe #15 asserts being Subject to an undue burden in being a target of this civil action, when there Is a substantial likelihood that the plaintiff will be unable to establish that Doe #15 was actually the person responsible for any files transferred at the Times alleged, or that Doe #15 copied, distributed, or otherwise infringed On a protected work owned by the plaintiff. Furthermore, the removal of Doe's #15 cloak of anonymity will subject him to intrusive public scorn as an Alleged unlawful copier of gay pornography.

### 4) Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to Sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient

[Type here]

Sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands, this violates due due process by allowing the identified Defendant to be subjected to the plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the defendants, or a Rule 26(f) conference between parties.

**WHEREFORE, Defendant John Doe #15 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Comcast Corporation. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause.**

Dated: July 27th, 2017                                     Respectfully submitted

                                                           *[signature]*
                                                           John Doe #15
                                                           Pro se

**EXHIBIT A**

[Type here]



Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

7/10/2017

*Personal and Confidential*

*Via UPS & USPS Delivery*

Re: *UN4 PRODUCTIONS, INC. v. JOHN DOES 1-15*
United States District Court for the Northern District of Pennsylvania
Docket No.: 2:17-cv-02768
Order Entered: 6/29/2017
Comcast File #: 850832

Dear Caroline Williams:

*UN4 PRODUCTIONS, INC.* has filed a federal lawsuit in the United States District Court for the Northern District of Pennsylvania. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing *UN4 PRODUCTIONS, INC.*'s copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 71.230.104.181:10902 on 04/08/2017 15:49:16 GMT. The court has ordered Comcast to supply your name, address and other information to *UN4 PRODUCTIONS, INC.* in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:17-cv-02768 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice**.

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 8/2/2017**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than 8/2/2017**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| UN4 PRODUCTIONS, INC., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-CV-02768-WB |
| JOHN DOES 1 - 15 | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: COMCAST CORPORATION

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the names of the subscribers assigned the IP addresses identified in Exhibit A, attached.

| Place: Creative Rights Law Group, PLLC<br>426 E. Baltimore Ave.<br>Media PA 19063 | Date and Time:<br>08/04/2017 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/10/2017

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
COOK PRODUCTIONS, INC. _____ , who issues or requests this subpoena, are:
Lee M. Herman, Esq. & Charles Thomas, Esq. 426 E. Baltimore Ave. Media PA 19063, 610-891-6500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



Case 2:17-cv-02768-WB Document 4-2 Filed 06/26/17 Page 1 of 1



CERTIFICATE OF SERVICE

      I hereby certify that on 7/27/2017, I served a copy of the foregoing document, via US Mail, on:

      **LEE M. HERMAN**
      LEE M. HERMAN, ESQ. P.C.
      426-428 E. BALTIMORE PIKE
      POBOX 2090
      MEDIA, PA 19063
      610-891-6500
      lmh@lmhlaw.com

      **CHARLES THOMAS, JR.**
      426 E BALTIMORE AVE
      MEDIA, PA 19063
      610-891-6500
      charles.thomas.esq@gmail.com

And via Facimile on Comcast Corporation:

      Legal Response Center
      650 Centerton Road
      Moorestown, NJ 08057
      866-947-8572 Tel
      866-947-5587 Fax

Dated: July 27th, 2017

                                                      John Doe #15
                                                      Pro se