# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UN4 PRODUCTIONS, INC.,
           **Plaintiff,**

    **v.**

JOHN DOES 1-15,
           **Defendants.**

CIVIL ACTION

NO.  17-2768

## MEMORANDUM OPINION

Plaintiff UN4 Productions, Inc. has sued fifteen John Doe Defendants for copyright infringement.  In its Complaint, UN4 Productions acknowledges that it does not know anything about the identities of the Defendants except they each have an assigned IP address and each of those IP addresses was used by a peer-to-peer file sharing protocol called BitTorrent to download some or all of Plaintiff's copyrighted, unreleased movie *Boyka: Undisputed IV*.  Each of the Defendants uses Comcast as an Internet Service Provider and, in its Complaint, UN4 Productions stated that Comcast would be able to identify either the Defendant or the Comcast subscriber connected to the IP addresses.  Shortly after filing the Complaint, Plaintiff sought and was granted leave to file third party subpoenas on Comcast to provide the name of the person connected to each of the IP address associated with the download.

Comcast notified Defendant John Doe #15 that it had received a subpoena from UN4 Productions seeking his identifying information, upon which John Doe #15, *pro se*, sought to quash the subpoena.  Although styled as a motion to quash, John Doe #15 also argued that his joinder with the other Defendants was improper.  Given that John Doe #15 is representing himself, his motion shall be construed liberally to include a request to sever.  *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[W]e tend to be flexible when applying

procedural rules to pro se litigants, especially when interpreting their pleadings."); *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally.").

Before getting to the heart of the matter, it is necessary to describe how BitTorrent works. It is what is known as a peer-to-peer file sharing protocol which allows a theoretically limitless number of users to share very large files across the Internet at a far higher speed than earlier file sharing methods. Any user seeking to partake of the BitTorrent protocol must first install specific software on their computer. Once that is done, the user can access hundreds of thousands of files including movies such as *Boyka: Undisputed IV*. The movies are made available for sharing by what UN4 Productions calls an "Initial Seeder." The BitTorrent protocol then splits the movie file into tiny pieces and distributes different pieces to users who have also installed the software on their computers and who have indicated that they wish to download the movie. Download times are faster for BitTorrent users because, instead of downloading an entire movie from the same source, a user can receive those tiny pieces of the movie at the same time from other users. As people begin downloading a particular title, other users provide them with small pieces of the large file, and as each user gains pieces, he shares them with others. This web of users simultaneously uploading and downloading bits of the same file is termed a "swarm."

Plaintiff alleges that each of the John Doe Defendants was part of a swarm for *Boyka: Undisputed IV*. Each shared with Plaintiff's forensic expert – through the BitTorrent protocol – pieces of the movie over a three week period. John Doe #15's objection to his joinder with fourteen other unnamed Defendants into a single suit raises the question whether, under the relevant Federal Rules of Civil Procedure – here Rule 20 and Rule 21 – it is appropriate to join

2

each of the John Does in one action given their use of the BitTorrent protocol to access the movie.

## A. Motion to Sever

Federal Rule of Civil Procedure 20(a)(2) provides in relevant part that: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (misjoinder occurs "when there is no common question of law or fact or when . . . claims against defendants do not stem from the same transactions."). If either element of the Rule is missing, Rule 21 authorizes adding or dropping parties either *sua sponte* or upon motion, or severing any claims against any party. Fed. R. Civ. P. 21.

John Doe #15 argues that each of the alleged acts of copyright infringement are "disparate" and thus not part of the same "transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). A claim arises from the same transaction or occurrence if a logical relationship exists among the claims asserted. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) ("Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending . . . upon their logical relationship"); *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 n.9 (3d Cir. 2011) (discussing compulsory counterclaims, which must also arise out of the same transaction or occurrence). This logical relationship depends on the factual background surrounding the claims. Joinder is freely permitted where the factual background is the same, as in one automobile accident involving multiple parties. *See Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980), *overruled*

*on other grounds by Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 n.7 (1989). But in instances where the claims against the defendants involve different facts, joinder is inappropriate. For example, two plaintiffs who alleged that prison officials violated their rights in the same manner and at the same prison could not join in one action because the background facts supporting each claim were different for each plaintiff. *See Blood v. Fed. Bureau of Prisons*, 351 Fed. App'x 604, 607 (3d Cir. 2009) ("[J]oinder would be impractical" where it requires "a separate factual inquiry" for each plaintiff to establish a claim); *see also Garcia v. Brock-Weinstein*, 2014 WL 2957487, at *2 (E.D. Pa. July 1, 2014) (relatedness refers to the "similarity in the factual background of the relevant claims").

Here, joinder is improper under Rule 20 because Plaintiff's right to relief against John Doe #15 is not part of the same transaction, occurrence, or series giving rise to its claims against the other Doe defendants in this copyright action. It does not necessarily follow from an allegation that two or more individuals committed the same wrong that their liability should be determined in the same lawsuit. "Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *See Kokinda v. Pa. Dep't of Corr.*, 663 Fed. App'x 156, 159 (3d Cir. 2016) (internal citations omitted). Here, the assumption that each of the John Doe Defendants infringed Plaintiff's copyright does not automatically support joinder. Certainly there is an initial attraction to the notion that BitTorrent users who are part of a swarm to share one movie must be part of the same "transaction, occurrence or series of transactions or occurrences." Specifically, in order to reduce download times, BitTorrent needs numerous users to participate. Thus, if a BitTorrent user obtains an illegal copy of one file, the various individual pieces of that file likely came directly from other users who are part of the swarm, and any piece of a file obtained is a copy of the file shared by the Initial Seeder.

However, nothing about BitTorrent requires any of its users to be connected in any particular manner or – for that matter – to be connected at all even if online at the same time. It is entirely possible that John Doe #1 and third parties A, B, and C, received pieces only from the Initial Seeder and uploaded only to each other, and John Doe #2 did the same with third parties X, Y, and Z, even if both John Doe #1 and John Doe #2 were in the swarm at the same time. It is also not unlikely that John Doe #15 did not directly upload or download any piece of the file from or to any of the other John Doe Defendants. Thus, it is not possible to conclude solely from the temporal proximity of each of their participation in the swarm that there is a "logical relationship" between them. *See Moore*, 270 U.S. at 610 (holding that a logical relationship does not necessarily follow from the "immediateness of [the occurrences'] connection"). The connectivity is created automatically by the BitTorrent protocol and not by any acts of the individuals using the protocol. *See, e.g.*, *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp.2d 779, 783-84 (E.D. Pa. 2013).[1]

Thus, these alleged infringements are not part of the same transaction, occurrence, or series of transactions or occurrences. *Cf. AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (stating in dicta that "[f]or the purposes of this case, we may assume that two individuals who participate in the same swarm at the same time are part of the same series of transactions within the meaning of Rule 20(a)(2).").  Accordingly, pursuant to Rule 21, John Does 1 through 14 will be severed from this action without prejudice.

---

[1] In the analogous context of patent infringement cases, joinder based on the sole basis that the defendants infringed the same patent is improper. *See Infinity Computer Products, Inc. v. Brother Intern. Corp.*, 909 F. Supp.2d 415, 418-19 (E.D. Pa. 2012) (holding that infringing the same claims of the same patent does not support joinder); *see also In re EMC Corp.*, 677 F.3d 1351, 1357 (Fed. Cir. 2012) (holding that "claims of infringement of the same patent by independent parties, without more, are not part of the same transaction or occurrence").

**B. Motion to Quash**

Turning now to John Doe #15's motion to quash – it will be dismissed as moot.  John Doe #15 accidentally disclosed exactly what the subpoena sought: "the names of the subscribers assigned the IP addresses identified."  Though John Doe #15 did attempt to cover the address and name in the address block of the letter Comcast sent to inform him about the subpoena, the salutation includes the name Caroline Williams.[2]  This disclosure prevents the Court from providing her any effective relief, as what Plaintiff sought is now in its possession.  *See, e.g.*, *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-39 (9th Cir. 2012).

An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____

WENDY BEETLESTONE, J.

Date: 11/29/17

---

[2] Of course, this means that John Doe #15 is really Jane Doe #15, and the pronouns should likely be "she" and "her" instead of "he," "him," or "his."